36 C.C.P.A.(Patents)

## CARLTON v. ROBIE.

### Patent Appeal No. 5490.

United States Court of Customs
and Patent Appeals.

Feb. 1, 1949.

Rehearing Denied April 8, 1949.

Harold J. Kinney, of St. Paul, Minn. (Richard K. Stevens, of Washington, D. C., and Carpenter, Abbott, Coulter & Kin-ney, of St. Paul, Minn., of counsel), for appellant.

William H. Webb, of Pittsburgh, Pa., Donald A. Gardiner, of Washington, D. C., and Stebbins, Blenko & Webb, of Pittsburgh, Pa., for appellee.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL and JOHNSON, Judges.

JOHNSON, Judge.

This is an appeal in an interference proceeding from a decision of the Board of Interference Examiners awarding priority of invention of the subject matter of two counts to appellee.

The interference involves the application of appellant, Serial No. 261,069, filed March 10, 1939, and the application of appellee, Serial No. 487,621, filed May 19, 1943.

Appellee also relies in this interference on two earlier four-party applications filed jointly by him with Benner, Ball, and Rossow; namely, application No. 336,212, filed May 20, 1940, and application No. 137,796, filed April 19, 1937.

This interference is a companion of Interference No. 80,225, Patent Appeal Nos. 5485, 5486, 173 F.2d 366. Appellant is a party to the companion case, while the appellee is involved therein as one of the joint applicants.

In interference No. 80,225, the common assignee of the applicants Robie and Ball on May 25, 1943, filed a motion seeking the declaration of an interference between the involved applications, and urged that appellee be given the benefit of the earlier applications, hereinbefore referred to, which were filed by appellee, Ball, Benner, and Rossow. The appellant urged that if such interference should be declared, appellee should not be given the benefit of said earlier applications. The Primary Examiner granted appellee's motion on September 18, 1943. Appellant requested a reconsideration of that decision by the Primary Examiner. The Primary Examiner adhered to his ruling therein in a further decision on November 10, 1943. Pursuant to said rulings, the present interference was declared, and appellee was given the benefit of the said earlier filed applications.

The subject matter here in issue is defined in the two counts which compose the issue:

"1. A bonded heat-resistant abrasive article of the coated abrasive type comprising abrasive particles bonded to a flexible backing by a binder comprising a uniform mixture of casein and a sodium silicate cement.

"2. A bonded heat-resistant abrasive article of the coated abrasive type comprising abrasive particles bonded to a flexible backing by a binder comprising casein and sodium silicate."

Appellant took testimony. Appellee took no testimony, but filed affidavits containing disclaimers by Ball, Benner, and Rossow of the subject matter involved in this interference. Both parties have filed briefs, and were represented at final hearings. Appellant being the junior party, upon him rests the burden of establishing priority of invention by a preponderance of the evidence.

Appellant does not question that the invention defined in the counts is disclosed in appellee's application and the two earlier applications upon which he relies. We therefore deem it sufficient to state that we agree with the Primary Examiner and the Board of Interference Examiners that it is disclosed in those applications.

Appellant contends that appellee is not entitled to rely on the filing date of the 1937 Robie, et al. application as the date of conception and a constructive reduction to practice of the subject matter here in issue, and in support of this contention cites In re Roberts, 49 App.D.C. 250, 263 F. 646. We have carefully considered the similar question presented in the companion interference, No. 80,225, Patent Appeal Nos. 5485, 5486, and for the same reasons that are given on that issue in our decision therein, we hold, as did the Primary Examiner and the board, that appellee is entitled to the benefit of the filing date of April 19, 1937, as his date of conception and constructive reduction to practice of the invention in issue.

Appellant cannot prevail unless he establishes that he conceived the invention prior to April 19, 1937, and that he exercised reasonable diligence in reducing the invention to practice during the period beginning just prior to April 19, 1937, and ending March 10, 1939.

Appellant contends that the evidence establishes conception prior to April 19, 1937, and he calls special attention to the following stipulation:

"* * * that if Bert S. Cross were called as a witness, he would testify that work on silicate bonded abrasive articles of the coated abrasive or sandpaper type was carried out in the Glue Bond Laboratory of Minnesota Mining & Manufacturing Company, during each of the years 1936, 1937 and 1938, and that he initiated discussions with Patent Counsel for the filing of a Patent Application on silicate bonded sandpaper, specifically including sandpaper bonded with a uniform mixture of casein and sodium silicate at least as early as the month of November 1938.

"And that a memo report dated January 13, 1937, from the files of said Bert S. Cross, bearing a typewritten signature of B. J. Oakes, makes reference to sodium silicate, casein adhesive for sandpaper, indicating interest in mixes of casein and sodium silicate as a bond for sandpaper at that time.

"It is further stipulated that the memo of January 13, 1937, is a memo relating to a Patent meeting which was called for the purpose of considering what action might be taken in connection with the seeking of Patent protection."

This stipulation showing that "work on silicate bonded abrasive articles of the coated abrasive or sandpaper type" was carried out during each of the years 1936, 1937, and 1938 does not show that work on the use of a mixture of casein and sodium silicate was carried out at those times. Further, the stipulation that discussions were initiated with patent counsel for the filing of a patent application on silicate bonded sandpaper specifically including sandpaper "bonded with a uniform mixture of casein and sodium silicate at least as early as the month of November 1938" falls far short of establishing conception prior to April 19, 1937.

The second paragraph of the stipulation hereinbefore set out simply states, "* * * indicating interest in mixes of casein and sodium silicate as a bond for sandpaper at that time," which does not clearly show a conception of the invention in issue. The reference to "sodium silicate, casein adhesive for sandpaper" does not show that such mixture was contemplated as the bonding material for bonding the grains to a flexible backing.

The last paragraph of the stipulation, supra, refers to a "Patent meeting which was called for the purpose of considering what action might be taken in connection with the seeking of Patent protection," but it does not disclose what the patent protection was sought for, and it does not disclose that it referred to this particular invention.

We have carefully examined all of the evidence, but we do not find that it establishes a conception of the invention here in issue prior to April 19, 1937.

For the reasons hereinbefore set out, the decision of the Board of Interference Examiners is affirmed.

Affirmed.